United States District Court
Eastern District of New York

----------------------------------X

Bridgette Sharell Jackson,

       *Plaintiff*,              **Memorandum and Order**

  - against -              No. 25-cv-868 (KAM) (JRC)

Austin Capital Bank SSB, *et al.*,

       *Defendants*.

----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

      Upon reviewing the parties' filings in this case, the Court has *sua sponte* considered whether it has subject matter jurisdiction. For the reasons explained below, the Court dismisses this case for lack of subject matter jurisdiction and respectfully remands the case to Kings County Supreme Court.

## BACKGROUND

      On January 9, 2025, plaintiff Bridgette Jackson filed a lawsuit in Kings County Supreme Court. (ECF No. 1-1.) The complaint alleges 14 counts of violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Austin Capital Bank SSB ("ACB") and several other credit reporting agencies and financial institutions. (ECF No. 1-1.) On February 14, 2025, ACB filed a Notice of Removal, removing the case to federal court.

Ms. Jackson acknowledges in her complaint that her lawsuit "may not appropriately be brought in a United States district court because United States district courts are courts of limited jurisdiction." (*Id.* at 5.)  In her pre-motion conference ("PMC") letter to the Court, Ms. Jackson states that she has not suffered an injury-in-fact sufficient to confer Article III standing. (ECF No. 22, at 1.)

In its Notice of Removal, (ECF No. 1.), ACB argues "[t]his Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it raises a substantial federal question." (ECF No. 1, at 2.)

## **LEGAL STANDARD**

The FCRA "creates a cause of action for consumers to sue and recover damages for certain violations." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 419 (2021).  But the mere existence of a federal cause of action is not enough to confer Article III standing.  "Article III standing requires a concrete injury even in the context of a statutory violation." *Ramirez*, 594 U.S. at 426. (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

"In the FCRA context, the Supreme Court made clear that 'a bare procedural violation, divorced from any concrete harm' fails to satisfy the injury-in-fact requirement of Article III." *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d

2

387, 391 (E.D.N.Y. 2022) (quoting *Spokeo*, 578 U.S. at 341.). "Neither an incorrect notation on plaintiff's credit report nor the diminution in [plaintiff's] credit score are sufficient to confer standing." *Id.* at 392. "[A]bsent specific allegations of reputational or monetary harm, plaintiffs lack constitutional standing." *Spira v. Trans Union, LLC*, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *4 (S.D.N.Y. July 19, 2022) (collecting cases).

"[A] district court should be alert to terminate an action under Rule 12(h)(3) when lack of subject matter jurisdiction becomes apparent." *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir. 1975) (citing Fed. R. Civ. P. 12(h)(3)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Indeed, the lack of jurisdiction is so fundamental a defect that the rule permits a judge to recognize it *sua sponte* at any time." *Bernstein*, 517 F.2d at 979. In removal cases, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

As Judge Cogan explains in *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 271 (E.D.N.Y. 2022), an "anomaly" has emerged in FCRA litigation in this district:

> Having prevailed in *Spokeo* and *TransUnion*, consumer collection and reporting companies have recognized that all those victories achieved for them was a trip to state court – where there is no standing requirement. At least in New York, companies in those industries, for whatever reason, would often prefer to have their federal defenses heard in federal court. They therefore often abandon any argument about standing – indeed, as here, they advocate that the plaintiff has standing despite the plaintiff's denial.

*Gross*, at 270. It is indeed an unusual posture for a defendant to argue that the plaintiff *has* Article III standing and for the plaintiff to contest that she does not.

"The party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). Given the unusual posture here, the burden to prove the *plaintiff's* standing rests with the *defendants* who invoked federal jurisdiction by removing this case to federal court. In its Notice of Removal, ACB invoked 28 U.S.C. § 1331 to argue that this case is properly removed to federal court. But the statutory grant of jurisdiction under 28 U.S.C. § 1331 does not obviate the constitutional requirements of Article III. For the Court to have subject matter jurisdiction over this case, the defendants must prove that the plaintiff's complaint has – as required in *Ramirez* and *Spokeo* – alleged an Article III injury-

4

in-fact.  Defendants' filings have not done so.[1]

Upon independent review of the complaint, the Court finds no allegation of any Article III injury-in-fact.  The complaint appears to allege purely technical violations.  For example, Ms. Jackson alleges that "[ACB]'s inaccurate reporting will cause Ms. Jackson's financial delinquency to remain on her credit report longer than the FCRA allows."  (ECF No. 1-1, at 9.)  Ms. Jackson also alleges that "[ACB] is also inaccurately conveying Ms. Jackson's financial delinquency commenced more recently than it actually did and, hence, [ACB] is causing Ms. Jackson's credit score to improperly further decrease."  (*Id.*)  As noted in *Zlotnick*, "[n]either an incorrect notation on plaintiff's credit report nor the diminution in [plaintiff's] credit score are sufficient to confer standing."  583 F. Supp. 3d at 392.  The 14 counts of FCRA violations alleged in the complaint appear to resemble "bare procedural violation[s], divorced from any concrete harm" – which cannot "satisfy the injury-in-fact requirement of Article III."  *Spokeo*, 578 U.S. at 341.  Given that the complaint is absent of any allegation of an Article III injury-in-fact, the Court has no subject matter

---

[1] In its PMC letter, Capital One argues dismissal on the grounds of personal jurisdiction and failure to state a claim.  (ECF No. 19.)  In its PMC letter, ACB argues dismissal for failure to state a claim and seeks leave to file a motion for judgment on the pleadings.  (ECF No. 24.)  In its Answer, "ACB denies that this FCRA case cannot be filed in federal court."  (ECF No. 8, at 2.)

jurisdiction over this case.[2]

## CONCLUSION

For the reasons explained, this case was improperly removed from Kings County Supreme Court. The Court does not have subject matter jurisdiction over this case and the case is therefore dismissed without prejudice. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016) ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice.").

The Clerk of Court is respectfully directed to remand the entire action to Kings County Supreme Court and to terminate this matter.

The Court vacates the pre-motion conference scheduled for May 9, 2025.

**So ordered.**

Dated:    May 2, 2025
          Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

---

[2] The Court's analysis of whether an allegation of an Article III injury-in-fact exists in this case must be restricted to the plaintiff's complaint. Of course, defendants cannot allege an Article III injury-in-fact on the plaintiff's behalf when the plaintiff's complaint declines to make such an allegation.

6